**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 27 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SARA LIZETH CALIX-GONAZLEZ, et al., | No. 23-442 |
| Petitioners, | Agency Nos.<br>A215-670-101<br>A215-670-099<br>A215-670-100 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2024[**]
Pasadena, California

Before: RAWLINSON, CHRISTEN, and JOHNSTONE, Circuit Judges.

Sara Lizeth Calix-Gonzalez and her children, Daniella Sarahi Urbina Calix

and Deyvi Alexander Melgar Calix (collectively, Petitioners), natives and citizens

of Honduras, petition for review of a Board of Immigration Appeals (BIA)

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

decision dismissing their appeal of the denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

"Our review is limited to the BIA's decision, except to the extent that the [Immigration Judge's] opinion is expressly adopted. We review questions of law de novo. We review factual findings under the substantial evidence standard. Under this standard, a factual finding is not supported by substantial evidence when any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record." *Singh v. Garland*, 97 F.4th 597, 602–03 (9th Cir. 2024) (citations, alterations, and internal quotation marks omitted).

**1.** Substantial evidence supports the denial of asylum and withholding of removal because Petitioners did not establish a nexus between any past or future harm in Honduras and a protected ground. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021). Petitioners suffered assaults, harassment, and threats from gang members, which they attributed to their membership in two particularized social groups: "single mothers in Honduras" and "young school college age males and their immediate family." However, the record supports the agency's conclusion that Petitioners failed to establish the gang members were motivated by a protected ground, rather than their criminal purpose and desire to

recruit Deyvi.[1]  Accordingly, the record does not compel the conclusion that Petitioners' membership in either proffered social group was "a reason" or "one central reason" for the harm they suffered.  *Id.*

**2.**  Substantial evidence also supports the BIA's denial of CAT relief.  To be eligible for CAT protection, "an applicant must establish that it is more likely than not that he or she will be tortured if removed."  *Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir. 2022) (citation and internal quotation marks omitted).  "To constitute torture, an act must inflict severe pain or suffering, and it must be undertaken at the instigation of, or with the consent or acquiescence of, a public official. . . ."  *Id.* (citation and internal quotation marks omitted).

Substantial evidence supports the BIA's determination that the harms Petitioners suffered, while certainly serious, "do not constitute torture."  *Id.*  The police's failure to investigate the murder of Calix-Gonzalez's father does not compel the conclusion that future torture is likely to occur with the acquiescence of a Honduran official.  *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033–34 (9th Cir. 2014), *as amended*.

---

[1] To the extent Petitioners raise new particularized social groups before this court, we do not consider them because they were not exhausted before the IJ and BIA. *See* 8 U.S.C. § 1252(d)(1).

**PETITION DENIED.**[2]

---

[2] The stay of removal will remain in place until the mandate issues.  The motion for stay of removal is otherwise denied.